*300 Opinion of the Court, by
Judge Owsley.
ON the first of May 1816, Howsley recovered judgment against Nicholson, for $502 50 cents debt, with interest and costs; and on the 10th day of May, Howsley caused to be issued on said judgment, a writ of fieri facias against the estate of Nicholson; but whether the fieri facias was ever delivered to the sheriff for execution, does not appear. It contains no return by the sheriff, but remains on file in the clerk’s office.
On the 28th of August 1817, Howsley caused another writ of fieri facias to issue against the estate of Nicholson, on the same judgment, and on which the sheriff made the following return: “Executed 10th September 1817, and replevied, with Joseph Merrill and William Randolph securities, as per replevin bond herewith will show.”
Attached to the replevin bond which was returned by the sheriff, and which bears date the 10th of September 1817, and signed by the said Nicholson, Merrill and Randolph, there is a writing, also signed by the parties, containing an agreement that no execution should issue on the bond, until the 10th of 1819.
On the 20th of September 1819, an execution was issued on the replevin bond, against the estate of Nicholson, Merrill and Randolph; and the sheriff having seized part of a lot of ground in the town of Louisville, and property of Merrill, exposed the same to sale, and Howsley became the purchaser.
After this, Merrill and Nicholson moved the court to quash the replevin bond, and the execution which issued thereon, and all subsequent proceedings thereunder.
*301 Merrill also moved the court to set aside the sale of the lot made by the sheriff under the fieri facias which issued on the replevin bond.
At the November term 1819, Merrill’s motion to set aside the sale, was overruled; and by exceptions taken to the opinion of the court, all the evidence given on the trial of the motion was spread upon the record; and at the February term 1820, the motion of Merrill and Nicholson to quash the replevin bond, execution, &c. was also overruled, and exceptions likewise taken to the opinion of the court.
After this, and at the same February term, an appeal was granted Merrill and Nicholson, to the decision of the court in overruling the motions to quash the replevin bond, &c.; and, as is suggested on the record, the clerk having failed, at the November term, to enter an appeal from the decision overruling the motion of Merrill to set aside the sale, an order was made entering the same nunc pro tunc.
Errors have been assigned, questioning the decisions given by the court in each of these motions; but as the court had no power, at the February term, to grant an appeal from the decision given at the November term, we shall confine our inquiry to the decision given in overruling the motion to quash the replevin bond, &c. In revising the decision given on that motion, it cannot be necessary to go into a calculation of the amount for which the replevin bond ought to have been taken; for were it conceded that the bond was taken for too large a sum, that could form no solid objection to the validity of the bond. It might form a reason for correcting the amount; but the motion was not made to correct, but to quash the replevin bond.
It is true, as seems to have been contended in the motion to quash the replevin bond, that the sheriff must appear to have had competent authority to take the replevin bond. This, we think, is, however, sufficiently apparent from the record. The replevin bond is very informal; but it contains recitals, which, when taken in connexion with the execution and return of the sheriff, show, beyond the possibility of doubt, on what execution it was taken.
The execution under which the bond was taken bears date more than one year subsequent to the time of rendering the judgment on which it emanated; and *302 it is contended, that in consequence of the lapse of time from the judgment, the execution irregularly issued, without a previous revival of the judgment by scire facias. To this objection it may be answered, that an execution had previously issued on the judgment, within less than one year; and, according to the principle settled in the case of Craig vs. Johnson, Hard. Rep. 521, no scire facias was thereafter necessary, to authorise the issuing of a subsequent execution. In the case cited, the execution which first issued, had, it is true, been returned by the sheriff, but the decision is not made to turn on that circumstance; but the court recognizes the principle, that after an execution has been once sued out, no revival by scire facias is thereafter necessary, to authorise another execution.
The execution under which the sale was made, appears also to have issued after the lapse of more than a year from the time the replevin bond became payable; but, even if it would have been otherwise necessary to revive the judgment which, by construction of law, is given to the replevin bond, the circumstance of the parties having by agreement delayed the issuing of the execution on the bond, does away that necessity, and justifies the suing out the execution without a revival, within a year from the expiration of the time agreed on for the delay; and the execution under which the sale was made, appears to have issued within that time.
The judgment overruling the motion to quash the execution and replevin bond, must, therefore, be affirmed with costs; and as the appeal taken to the decision of the court on the motion to quash the sale, appears to have been granted by the court at a subsequent term to that at which the motion was decided, it must be stricken from the docket of this court.